UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODY JASON WIDEMAN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 4:19-cv-00455-DCN<br>4:17-cr-00072-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court in the above entitled matters is Petitioner Jody Jason Wideman's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (CR-72, Dkt. 42; CV-455, Dkt. 1),[1] the Government's Motion to Dismiss (CV-455, Dkt. 8), and Wideman's Motion for an Extension of Time to File a Response and Motion to Appoint Counsel (CV-455, Dkt. 10). The parties have filed their responsive briefing on the Motions and/or the time for doing so has passed. The matter is, therefore, ripe for the Court's review.

## II. BACKGROUND

On March 28, 2017, a federal grand jury indicted Wideman for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and b(1)(C),

---

[1] In this Order, "CR-72" is used when citing to the criminal case record in 4:17-cr-00072-DCN, and "CV-455" is used when citing to the civil case record in 4:17-cv-00455-DCN.

MEMORANDUM DECISION AND ORDER - 1

of 21 U.S.C. § 2. CR-72, Dkt. 1. Wideman signed a plea agreement on October 13, 2017, where he agreed it could be proven beyond a reasonable doubt at trial that he 1) knowingly possessed a mixture and substance containing a detectable amount of methamphetamine, and 2) he possessed the substance with the intent to distribute it to another person. CR-72, Dkt. 18, at 2. The Government agreed to move for a reduction of the offense level if certain conditions were met. *Id*. at 7. As part of the plea agreement, Wideman waived his right to directly appeal unless his appeal was made on the grounds that the sentence imposed by the court exceeded the statutory maximum, the Court arrived at an advisory U.S.S.G. range by applying an upward departure under chapter 5K of the U.S.S.G., or exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence exceeding the advisory U.S.S.G. range as determined by the court. *Id*. at 11. Wideman also waived his right to collaterally attack his sentence, except for his right to file a § 2255 petition alleging ineffective assistance of counsel. *Id*.

The Court accepted Wideman's plea of guilty on November 1, 2017. CR-72, Dkt. 23. During the plea hearing, the Government provided a factual basis for the plea, stating that Wideman knowingly possessed the substance found inside a sock, later confirmed as methamphetamine, and that he intended to deliver the substance to another person. CR-72, Dkt. 38, at 13. Wideman told the Court that while he did not know the substance in the sock was methamphetamine, he knew it was an illegal substance. *Id*. at 14. Wideman stated that he read and understood the plea agreement, went over it with his attorney, and signed it. *Id*. at 16. Wideman informed the Court during the change of plea hearing that he was satisfied with his attorney's representation. *Id*. at 6. The Court also told Wideman that

although his attorney may have given him his opinion of what the sentence would be, the Court was not bound by his attorney's opinion, *id.* at 19, or by the terms of the plea agreement, *id.* at 16. The Court ultimately found Wideman knowingly and voluntarily waived his rights to appeal and to obtain post-conviction, collateral relief under § 2255. *Id.* at 22.

On January 22, 2018, the Court sentenced Wideman to 91 months of incarceration to be followed by three-years of supervised release. CR-72, Dkt. 28. During the sentencing, the Court found that Wideman had not clearly demonstrated acceptance of responsibility for his offense due to his continued criminal conduct after the indictment and consequently did not apply a downward adjustment under 3E1.1.

Wideman subsequently appealed. He argued the appellate waiver in the plea agreement was not enforceable because the Court rejected the plea agreement by not granting a variance for acceptance of responsibility and by sentencing him to the guideline range for actual methamphetamine as opposed to a mixture. CV-455, Dkt. 1, at 2; CV-455, Dkt. 8, at 4–5. Additionally, Wideman argued the Court affirmatively erred in refusing to grant an offense level reduction for acceptance of responsibility and abused its discretion when sentencing Petitioner to the guideline range for actual methamphetamine. *Id.* On December 3, 2018, the Ninth Circuit granted the Government's motion to dismiss Wideman's direct appeal, noting that none of the exceptions to direct appeal applied. CR-72, Dkt. 40.

On November 21, 2019, Wideman filed his pending § 2255 petition. CR-72, Dkt. 42; CV-455, Dkt. 1. On May 27, 2020, after the Court had granted the Government's

MEMORANDUM DECISION AND ORDER -3

motion for extension of time, the Government filed a combined response and motion to dismiss. CV-455, Dkt. 8. On January 11, 2021, Wideman filed a motion for extension of time to file a response and a motion to appoint counsel. CV-455, Dkt. 8.

### III.    TIMELINESS OF PETITION

Under the applicable statute of limitations, a § 2255 motion must be brought within one year after a judgment of conviction becomes final unless the motion has been statutorily tolled according to 28 U.S.C. § 2255(f)(2)–(4). A judgment of conviction becomes final when it "has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Wideman's § 2255 motion is timely.

### IV.    STANDARD OF LAW

Section 2255 permits a federal prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the grounds that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28 U.S.C. § 2255(a). Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*,

20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (cleaned up). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062–63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

If a court denies a habeas petition, the court may issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see* 28 U.S.C. § 2253(c)(2). Although the petitioner need not prove the merits of his case for the court to issue a certificate of appealability, the petitioner must show "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (cleaned up).

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). The federal law governing claims of ineffective assistance of counsel is stated in *Strickland v. Washington*, 466 U.S.

668, 687–88 (1984). A challenger must prove both: (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

## V. DISCUSSION

Wideman petitions for relief under § 2255 on four grounds. First, his plea agreement was not knowing and voluntary as he pled guilty to possession with the intent to distribute a mixture of methamphetamine but was sentenced using the guideline for actual methamphetamine. CV-455, Dkt. 1, at 4. Second, the Government's "misrepresentations" concerning acceptance of responsibility constitute impermissible prosecutorial conduct. *Id*. at 5. Third, his counsel was ineffective for two reasons. The first reason is that Wideman only generally knew he possessed illegal contraband; he did not know it was methamphetamine. Thus, Wideman contends his conduct did not meet the elements of the crime to which he pled guilty. The second reason is that Wideman pled guilty in part based on the representation by his counsel that the Court would sentence him under the guidelines or a mixture of methamphetamine, rather than actual methamphetamine. *Id*. at 6. Fourth, the guideline range the Court applied in sentencing exceeds the Court's authority and diverges from those promulgated by the Sentencing Commission.

Wideman entered into a plea agreement in which he generally waived his right to collaterally attack his sentence. The only claims that cannot be waived in a plea agreement are claims that the plea or waiver itself was involuntary or that ineffective assistance of counsel rendered the plea or waiver involuntary. *Washington v. Lampert*, 422 F.3d 864,

870-71 (9th Cir. 2005). This Court has already found during its extensive colloquy during the plea hearing that Wideman's plea was made knowingly and voluntarily, and the plea agreement was valid. There is no indication on the record that suggests Wideman's plea was not knowing and voluntary. Wideman had multiple opportunities to consult with his attorney, did so, and elected to move forward with the plea.

The Ninth Circuit agreed. CR-72, Dkt. 40 ("Appellee's motion to dismiss this appeal in light of the valid appeal waiver (Docket Entry No. 17) is granted. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011) (knowing and voluntary appeal waiver whose language encompasses the right to appeal on the grounds raised is enforceable)."). The Ninth Circuit also noted that, ". . . the record reflects that [Petitioner] received a below-Guidelines sentence" and that "none of the exceptions to the [appellate] waiver applie[d]." *Id*.

As the plea agreement is valid, Wideman may only pursue a collateral attack under § 2255 for ineffective assistance of counsel. He may not collaterally attack his sentence on the grounds that the Government's "misrepresentations" concerning acceptance of responsibility constitute impermissible prosecutorial conduct nor on the ground which he previously (and unsuccessfully) argued before the Ninth Circuit on direct appeal: that the Court exceeded its authority in determining and applying the sentence guideline range. However, the Court will examine his ineffective assistance of counsel claims.

Wideman first contends his counsel was ineffective because his counsel did not know the elements of the relevant crime. Specifically, Wideman argues he could not have *knowingly* possessed methamphetamine, because he only discovered the substance was

MEMORANDUM DECISION AND ORDER -7

methamphetamine after the Government tested it. Yet during the plea agreement, Wideman informed the Court that while he did not know the substance in the sock was methamphetamine, he "knew that it was something illegal," and that he knew when he acquired it that it was an "illegal substance." CR-72, Dkt. 38, at 14. Wideman also said, "I knew it was contraband and I did try to flush it," down a toilet. *Id*. at 15. Wideman also stated during his sentencing that he smelled marijuana in the sock, that he "knew that there was a least pot in there," and agreed with the Court that he knew he possessed contraband, even if he did not know he possessed methamphetamine, specifically. CR-72, Dkt. 36, 40–41.

Wideman's interpretation of the *mens rea* element of 21 U.S.C. § 841 is incorrect. The Ninth Circuit has held that the *mens rea* for the statute at issue is that the defendant acted "knowingly or intentionally." A defendant's "knowledge of the type and quantity of the drugs found . . . is not an element under 21 U.S.C. § 841. *United States v. Soto-Zuniga*, 837 F.3d 992, 1005 (9th Cir. 2016) (citing *United States v. Dado*, 759 F.3d 550, 570 (6th Cir. 2014) ("Drug type and quantity are irrelevant to [the] *mens rea* element" under this statute)). Wideman admitted in his plea agreement and during both his plea and sentencing hearings that he knowingly possessed illegal contraband. Consequently, the Court does not find Wideman's counsel ineffective for failing to argue Wideman did not knowingly possess drugs because he did not know the exact type and quantity of drugs he possessed.

Wideman next contends his counsel was ineffective because Wideman pled guilty in part based on the representation by his counsel that the Court would sentence him under the guidelines for a mixture of methamphetamine, rather than actual methamphetamine.

MEMORANDUM DECISION AND ORDER -8

*Id.*[2]

Wideman was well aware that the Court was not bound by either the agreement or the sentencing guidelines. The Court informed him during the plea colloquy that the Court was "not bound by [the sentencing guidelines], but [that] they are something," the Court would rely on. CR-72, Dkt. 38, at 8. Wideman said he understood. The Court also stated that it was not bound by the plea agreement, it could reject it, and "impose a more severe sentence than what is anticipated by either party[.]" *Id*. at 16. In response, Wideman stated, "that just goes back to you're not bound by any of —bound by any of it, right?" *Id*. at 17. The Court confirmed Wideman's statement. *Id.* Wideman also stated that his counsel had provided him an opinion of what the guidelines were going to be. *Id*. at 18. The Court responded by explicitly clarifying that counsel was "just giving [Wideman] their opinion, [but the Court is] not bound by that." *Id*. at 19. Wideman said he understood. *Id*. After this clarification, Wideman entered into his plea of guilty to Count One as charged in the indictment. *Id*. at 22.

The Court does not know what Wideman counsel's opinion of what the guidelines would be in this case; Wideman has not provided any affidavit or evidence to support his allegation that his counsel had informed him the guidelines would be calculated solely due to mixed methamphetamine. Yet even if Wideman was correct, the Court finds counsel's performance would *not* have been deficient based on that advice. But even if Wideman's

---

[2] During Wideman's sentencing, the Court adopted the position that the disparity in the Sentencing Guidelines sentence between actual methamphetamine and a mixture of methamphetamine leads to unwarranted disparities in sentencing based on whether methamphetamine is lab tested. The Court relied on that position when it sentenced Wideman in this case.

counsel's performance was deficient on that ground, the Court finds that there is no reasonable probability that, but for the "deficient" performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Prior to pleading guilty, Wideman knew that the Court was not bound by his counsel's opinion of the sentencing guideline range, that the Court was not bound by the parties' plea agreement, and that the Court could impose a more severe penalty than Wideman anticipated. Knowing this, Wideman still entered into a plea of guilty for possession with intent to distribute.

## VI. Motion to Appoint Counsel and for an Extension of Time

On January 11, 2021, Wideman filed a combined Motion for Extension of Time to Respond to the Government's May 27, 2020 response and Motion to Appoint Counsel on the grounds that his access to the law library and legal research has been severely restricted since March 2020 due to a COVID-19 lockdown. CV-455, Dkt. 10. The Government did not file a response. The Court appreciates that prison lockdowns due to a pandemic—and other events—often cause delays outside of a petitioner's control. However, Wideman filed his request for an extension of time over six months after his response was due. The Court finds such a request untimely. Additionally, although the Court has the discretion under 18 U.S.C. § 3006A to appoint counsel for § 2255 proceedings, given its resolution of Wideman's claims, Wideman's request for assistance of counsel in this § 2255 proceeding is moot.

## VII.   CERTIFICATE OF APPEALABILITY

Petitioner cannot appeal from the denial or dismissal of his § 2255 Motion unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is warranted when "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c). No such showing has been made in this case and, therefore, the certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

## VIII.   ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 1, Case No. 4:19-cv-00455-DCN) (Dkt. 42, Case No. 4:17-cr-00072-DCN) is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil cases.

2. The Government's Motion to Dismiss (Dkt. 8, Case No. 4:19-cv-00455-DCN) is **GRANTED**.

3. Petitioner's Motion for an Extension of Time to File a Response and Motion to Appoint Counsel (Dkt. 10, Case No. . 4:19-cv-00455-DCN) is **DENIED** as **MOOT**.

    4.    The Certificate of Appealability is **DENIED**.

DATED: February 24, 2021

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 12